```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X    NOT FOR PUBLICATION
MICHAEL ROGERS,

                    Plaintiff,
       -against-                                               MEMORANDUM
                                                               AND ORDER
Police Officer JAMAAL MILLER;                                  16-CV-3801 (AMD)(LB)
79TH PRECINCT; NEW YORK POLICE
DEPARTMENT; THE CITY OF NEW YORK,

                    Defendants.
----------------------------------------------------------X
Ann Donnelly, United States District Judge:
```

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ AUG 02 2016 ★
BROOKLYN OFFICE

On June 21, 2016, *pro se* plaintiff Michael Rogers, currently incarcerated at Downstate Correctional Facility, filed this action in the Southern District of New York pursuant to 42 U.S.C. § 1983 against police officer Jamaal Miller, the 79th Precinct Command, the New York Police Department, and the City of New York. The case was transferred to this Court on July 8, 2016. The Court grants the plaintiff's request to proceed *in forma pauperis* for purposes of this order, and dismisses the complaint as duplicative of another action filed in this Court.

## BACKGROUND

The plaintiff alleges that on August 2, 2013, Police Officer Miller of the 79th Police Precinct harassed him by making derogatory statements, and that as a result, he filed a complaint against Officer Miller with the NYPD's Internal Affairs Bureau ("IAB"). (Compl. at 2.) The plaintiff alleges that in retaliation for his IAB complaint, Officer Miller and his partner stopped and frisked him, and they then falsely arrested him on August 16, 2013. (*Id.*) The plaintiff further alleges that the day after he gave a sworn deposition regarding his IAB complaint to the Civilian Complaint Review Board, he was "robbed at gun point in his home, by members of a local street gang known

to" Officer Miller, the 79th Precinct and the NYPD. (*Id.*) The plaintiff appears to assert claims for false arrest and defamation under 28 U.S.C. § 1983, and seeks $100 million in damages. (*Id.* at 4.)

Before this case was transferred to this district, however, on July 1, 2016, the plaintiff had already filed an action directly with this Court under docket number 16-CV-3610 (AMD) (VMS), which is based on the same factual allegations as this complaint; it also asserts identical claims pursuant to 28 U.S.C. § 1983, and names the same defendants.[1] (*See* 16-cv-3610, ECF 1.) Indeed, the plaintiff appears to have largely re-filed the same complaint that he had already filed in the Southern District.

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). This policy "is meant to foster judicial economy and the 'comprehensive disposition of litigation,'" as well as to "protect parties from 'the vexation of concurrent litigation over the same subject matter.'" *Id.* (internal quotations omitted). In deciding whether to dismiss an action as duplicative, a district court must "consider the equities of the situation." *Id.* (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). Notably, however, the Second Circuit has held that "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis*, 226 F.3d at 138-39. This precisely describes the present circumstances; the plaintiff filed a nearly identical

---

[1] The complaint in 16-CV-3610, however, names one additional defendant: Police Officer Andrew Ho of the 79th Police Precinct.

-2-

complaint in another case before this Court, *Rogers v. Miller*, No. 16-CV-3610 (AMD) (VMS), and there would be no useful purpose in permitting both cases to go forward.[2]

Therefore, this complaint is dismissed as a duplicate of and without prejudice to the litigation pending under *Rogers v. Miller*, No. 16-CV-3610 (AMD) (VMS). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). ~~The Clerk~~ of the Court is respectfully directed to close this case.

**SO ORDERED.**

s/Ann M. Donnelly

/Ann M. Donnelly
United States District Judge

Dated: August 2, 2016
 Brooklyn, New York

---

[2] As there is one additional defendant in the 16-CV-3610 action, the Court finds that this action should be the one to be dismissed as duplicative.